IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

JOSHUA & RACHEL ALLEN, KYLE & JULIE CAMPBELL, SHANA )
SEVERINSEN, DAVID PETERSON, DANIEL & KELLY MESSMORE, )
CHRISTOPHER & KIMBERLY WOODS, WILLIAM BULFER, )
SHAWN MILLER, MARTIN & TAMMI LYONS, JASON CASSIDY, )
HELEN ELLIOTT, BRANDON & MICHELE BEEKMAN, WILLIAM )
& LEE ANN MEYERS, MICHAEL & KELLIE BEAMER, DAVID & )
COURTNEY STENGER, MYRON SMITH, MICHAEL & JULIE )
SOWERS, DAVID & PATTI BOGGS, ROBERT L. CORNELIUS, JR., )
TEGIST & MARK LEYEW, PAMELA & HARRY VOLK, RANDY )
RUNDLE, DELBERT & JULIE CHILTON, ROBERT JORGENSEN, )
JEANIE INMAN, ROBERT STASZ, STEPHEN & DAWN HAGEMAN, )
JOHN STOLTENBERG & SHERRY PARSONS, & ROB & JULIE )
WAHMANN, Plaintiffs, )
)
vs.                                                          )    14-cv-1224
)
CITY OF EAST PEORIA, DAVID MINGUS, GARY DENSBERGER, )
DAN DECKER, TIMOTHY JEFFERS, CHAD JOOS, TOM )
BRIMBERRY, ROBERT COLE, TONY GRIFFIN, STEVE MINNER, )
MARK PIQUARD, STEVE FERGUSON, RICK SEMONSKI, )
PATRICK MEYER, PATRICK N. MEYER & ASSOCIATES, )
MIDWEST ENGINEERING ASSOCIATES, INC., DAVID HORTON, )
PHILLIP J. LANE, ROBERT D. CULP, CHARLES F. DOBBELAIRE, )
JEFFERY D. GEIBELHAUSEN, STEPHEN D. CARR, RONALD )
COOMBS, MARION F. McGREW, CLARK ENGINEERS MW, INC., )
EARL S. MOLDOVAN, RAYMOND J. PERISIN, JOSEPH D. LAHOOD, )
LAHOOD CONSTRUCTION, INC., AND RICHARD L. KRUPPS, )
each in his individual capacity, Defendants. )

**PLAINTIFFS' RESPONSE TO LAHOODS' "REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS"**

Plaintiffs, by their attorneys, Louis Meyer and Carl Reardon, submit Plaintiffs' Response

to LaHood's "Reply to Plaintiffs' Response to Motion to Dismiss."

**Introduction**

On January 28, 2015, LaHood and LaHood Construction filed their Motion to Dismiss

Second Amended Complaint (Doc. 48) and a Memorandum in Support of their Motion (Doc.

49). On February 17, 2015, Plaintiffs filed their Response (Doc. 52) and their Memorandum in

1

Opposition (Doc. 53). Plaintiffs adopt the arguments as set forth in their Response and Memorandum in Opposition as if fully set forth and restated herein.

On April 8, 2015, LaHood filed a MOTION (76) for Leave to File *Reply to Plaintiff's Response to Motion to Dismiss*. On April 15, 2015, TEXT ONLY ORDER granting [76] Motion for Leave to File was Entered by Chief Judge James E. Shadid. LaHood's "Reply to Plaintiffs' Response to Motion to Dismiss" was filed (78) on April 16, 2015.

### 1. Federal Pleading Standard

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper if a complaint fails to state a claim on which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2) & (d)(1). A complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A claim must also provide the defendant fair notice of what the claim is and the grounds upon which it rests. *George v. Smith*, 507 F.3d 605, 608 (7th Cir.2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC,* 499 F.3d 663, 667 (7th Cir.2007).

Counts VI for Civil Conspiracy Should not be dismissed. There is an underlying constitutional violation, and Plaintiffs have pled a sufficient statement of the claim showing that

the Plaintiffs are entitled to relief. Under *Twombly,* all plaintiff needed to allege was a plausible account of a conspiracy. See 550 U.S. at 556, 127 S.Ct. 1955. This complaint goes well beyond that. "*Iqbal* calls on us to apply our "judicial experience and common sense." *Geinosky v. City of Chicago*, 675 F. 3d 743 (7th Cir. 2012).

To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him. *Hernandez v. Joliet Police Dep't,* 197 F.3d 256, 263 (7th Cir.1999). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 262. *Sow v. Fortville Police Dept*., 636 F. 3d 293 (7th Circuit 2011).

**2. Count X states a valid civil conspiracy claim under Illinois law.**

In Illinois, a civil conspiracy is defined as "`a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means.'" *McClure v. Owens Corning Fiberglas Corp.,* 188 Ill.2d 102, 241 Ill.Dec. 787, 720 N.E.2d 242, 258 (1999), quoting *Buckner v. Atlantic Plant Maintenance, Inc.,* 182 Ill.2d 12, 230 Ill. 939*939 Dec. 596, 694 N.E.2d 565, 571 (1998). A plaintiff must allege facts establishing both (1) an agreement to accomplish such a goal and (2) a tortious act committed in furtherance of that agreement.

Plaintiffs' cause of action in Count X is for injuries caused by tortious acts in furtherance of an agreement among two or more persons for the purpose of accomplishing some concerted action. Extensive common law exists. See *Fritz v. Johnston,* 209 Ill.2d 302 (2004); *McClure v. Owens Corning Fiberglas Corp.,* 188 Ill.2d 102 (1999); *Adcock v. Brakegate, Ltd.,* 164 Ill.2d 54 (1994); *Redelmann v. Claire Sprayway, Inc.,* 375 Ill.App.3d 912 (1st Dist. 2007); *Cleary v.*

*Philip Morris, Inc.,* 312 Ill.App.3d 406 (1st Dist. 2000); *Canel & Hale, Ltd. v. Tobin,* 304 Ill.App.3d 906 (1st Dist. 1999); *Scott v. Aldi, Inc.,* 301 Ill.App.3d 459 (1st Dist. 1998); *Blivas & Page, Inc. v. Klein,* 5 Ill.App.3d 280 (2d Dist. 1972); *Karas v. Strevell,* 227 Ill.2d 440 (2008); *Menssen v. Pneumo Abex Corp.,* 2012 IL App (4th) 100904; *Gillenwater v. Honeywell International, Inc.,* 2013 Ill.App. (4th) 120929.

The elements of civil conspiracy are: (1) an agreement between two or more persons; (2) the agreement was to participate in either an unlawful act or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties; and (4) the overt act was done pursuant to and in furtherance of the common scheme. *See Canel & Hale, Ltd. v. Tobin,* 304 Ill.App.3d 906, 710 N.E.2d 861, 238 Ill.Dec. 64 (1st Dist. 1999).

The 11 other (now 8 other) defendants named in Count X are Culp, Lane, Carr, Combs, McGrew, Geibelhauses, Dobbelaire and Krupps. Plaintiffs dismissed Moldovan and Perisin on March 11, 2015. (Doc. No. 66). Plaintiffs also dismissed Drain on April 26, 2015 (Doc. 79).

LaHood is specifically mentioned in Paragraphs 17, 21, 22, 29, 31, 36, 37, 38, 57, 60, 61, 64, 77, 81, 82, 94, 149, 161, 163, 167, 168, 172, 210 and 211 of the Second Amended Complaint. LaHood is included nine times in Paragraph 170 sub-paragraphs that are "against all (Count VI and X) defendants." The subparagraphs specifically include:

170 a. i. 1 (land topographically unsuitable for subdividing);

170 a. i. 2 (development of parts of subdivision detrimental to best interests of the public);

170 a.i.3 (dedication for public use of at least 15 feet in width on both sides of a drainage course);

170 a. i. 4. (failure to comply with Ordinance 1730);

170 a. i. 9 (failure to comply with erosion control system);

4

170 a. i. 10 (failure to comply with Section 6-3-2(A)(2) runoff of storm water);

170 a. i. 14 (failure to comply with Sections 5-14-1 thru 5-14-9 of benching and terracing ordinance);                                                                                                    and

170 a. ii (false site grading plan);

In Par. 172c., of their 2AC, Plaintiffs allege that LaHood constructed "substandard homes on substandard lots."

Plaintiffs have made sufficient allegations of fact linking LaHood to a civil conspiracy actionable under Section 1983 and Illinois common law.

Plaintiffs allege in Par. 171 of their complaint, "The acts by the Defendants in furtherance of the conspiracy, including the extensive fill dirt, were unknown to the Plaintiffs and were not discoverable until after the April 2013 disaster.

Even though the heightened standards under Rule 9(b) do not apply in this case, Plaintiffs have met them. If the Court finds that the heightened standards do apply and that the Plaintiffs have not met them, Plaintiffs request leave of Court to replead Counts VI and X.

There is no specific statute of limitations for a civil conspiracy cause of action. A civil conspiracy that results in a personal injury is subject to the two-year statute of limitations set out in 735 ILCS 5/13-202. The issue regarding the 10 year statute of repose is addressed later in this response. Plaintiffs filed their action against LaHood within 2 years after discovering the acts by the Defendants in furtherance of the conspiracy.

Proper plaintiffs are those who are injured as a result of the unlawful overt act. Anyone who understands the general objectives of the conspiratorial scheme, accepts those objectives, and agrees, either explicitly or implicitly, to do his or her part to further those objectives is liable for any tortious act committed in furtherance of the conspiracy, whether such

5

tortious act is intentional or negligent in nature. *See Adcock v. Brakegate, Ltd.,* 164 Ill.2d 54 (1994).

Once the conspiracy is formed, all of its members are liable for injuries caused by any unlawful acts performed pursuant to and in furtherance of the conspiracy. When means are employed or purposes accomplished that are themselves tortious, the conspirators who have not acted but have promoted the act will be held liable. A conspirator need not participate actively in or benefit from the wrongful action in order to be found liable. He or she need not even have planned or known about the injurious action as long as the purpose of the tortious action was to advance the overall objective of the conspiracy. *Adcock v. Brakegate, Ltd.,* 164 Ill.2d 54 (1994).

Plaintiffs are not required to allege facts with precision when the necessary information to do so is within the knowledge and control of the defendants and unknown to the plaintiff. A plaintiff is not required to plead with specificity the very fact that can be proved only by circumstantial evidence. Conspiracy actions, by their very nature, do not permit the plaintiff allege, with complete particularity, all the details of the conspiracy or the exact role of the defendants in the conspiracy. *Id.* A conspiracy is rarely susceptible to direct proof; instead, it is established from circumstantial evidence and inferences drawn from the evidence, coupled with commonsense knowledge of the behavior of persons in similar circumstances. *Id.*

The civil conspiracy theory has the effect of extending liability for a tortious act beyond the act of   the tortfeasor to individuals who have not acted but have only planned, assisted, or encouraged the act. *McClure v. Owens Corning Fiberglas Corp.,* 188 Ill.2d 102 (1999).

Civil conspiracy is an intentional tort and requires proof that a defendant knowingly and voluntarily participated in a common scheme to commit an unlawful act or a lawful act in an

unlawful manner. *Id.* A civil conspiracy may be shown by circumstantial evidence; however, that evidence must be clear and convincing. *Id.*

Once a defendant knowingly agrees with another to commit an unlawful act or a lawful act in an unlawful manner, that defendant may be held liable for any tortious act committed in furtherance of the conspiracy, whether such tortious act is intentional or negligent in nature. *Scott v. Aldi, Inc.,* 301 Ill.App.3d 459 (1st Dist. 1998).

The gist of a civil conspiracy claim is not the agreement itself but the tortious acts performed in the furtherance of the agreement. A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement that is itself a tort. It is only when means are employed, or purposes accomplished, that are themselves tortious that the conspirators who have not acted but have promoted the act will be held liable. *Id.*

All defendants are liable for the damages caused by the tortious act. Punitive damages are recoverable for an unlawful conspiracy "based upon an element of malice, violence, willful or wanton conduct, oppression or wanton recklessness, or circumstance of aggravation." *Blivas & Page, Inc. v. Klein,* 5 Ill.App.3d 280, 282 (2d Dist. 1972). Michael K. Muldoon, Ch. 6, Civil Conspiracy, Illinois Causes of Actions: Tort Actions (IICLE®, 2014).

Count VI and X are also a claims pursuant to 42 U.S.C. 1983 and Illinois common law directed toward Dobbelaire and 11 other defendants for damages to real estate resulting from a civil conspiracy. The 11 other (now 8 other) defendants named in Count VI are LaHood, Culp, Lane, Carr, Combs, McGrew, Geibelhauses and Krupps.

Par.13 of 2AC: Defendant Charles F. Dobbelaire ("Dobbelaire") was, at all times relevant to the allegations of this complaint, a duly elected and sworn City Commissioner, member of the City Council and Mayor. With regard to the allegations of this complaint, he was

7

acting under color of state law by virtue of the authority delegated to him by the Illinois Municipal Code and the City's Code of Ordinances; he is being sued in his individual capacity. Prior to 1978, Cyriel A. Dobbelaire developed two subdivisions known as Dobbelaire Hills Subdivision Section 1 and Dobbelaire Hills Subdivision Section 2.  His son, Defendant Charles Dobbelaire, served the City of East Peoria from 1975 to 2007 (as Commissioner for 24 years and as Mayor for 8 years).  He also worked with his father in the family subdivision development business (including work on the development of Dobbelaire Hills #1, #2 and Pinecrest Hills #1 and #2)

Par. 31 of 2AC.  On February 22, 1990, a request for rezoning from Conservation to R-2 Single Family Dwelling for Pinecrest #2 was submitted by Defendant LaHood to the City Council, which included Defendants Geibelhausen and Dobbelaire.  Pinecrest #2 was topographically unsuitable for an R-2 Single Family Dwelling subdivision.

Par. 32 of 2AC. On March 20, 1990, the City Council adopted Ordinance No. 2411, an ordinance changing the zoning classification of the aforesaid Pinecrest #2 from Conservation to R-2 Single Family Residential. Defendants Geibelhausen and Dobbelaire were both in attendance at the City Council meeting.

Par. 33 of 2AC. On March 20, 1990, the Preliminary Subdivision Plat of Pinecrest #2 was approved by the City increasing the length of Kaitlin by 168 feet and increasing the number of homes that could be built on this 10.40 acres from 25 to 29. Defendant Geibelhausen voted in favor and Defendant Dobbelaire abstained.

Par. 34 of 2AC.  On July 17, 1990, Ordinance 2453 changing the zoning of certain property in Pinecrest #2 was adopted by the City Council. Defendants Geibelhausen and Dobbelaire both voted in favor.

Par. 35 of 2AC. On September 18, 1990, the City Council adopted Ordinance No. 2421 approving the Final Plat of Pinecrest #2. Defendant Dobbelaire seconded the motion for adoption. Defendants Dobbelaire and Geibelhausen both voted in favor of adoption.

Par. 36 of 2AC. Kaitlin ended up being 168 feet longer than originally planned. This extension allowed the developers to add 4 additional lots than was originally planned. Part of these 4 lots were created by hauling in a substantial amount of fill dirt. The defendants, LaHood, LaHood Construction, Moldovan, Perisin, Culp, McGrew, Coombs, Geibelhausen and Dobbelaire knew about the numerous lots being created, at least in part, by fill dirt and they did nothing to stop it.

Par. 37 of 2AC. The Final Plat included the following language: "Sanitary and storm sewer easements as shown hereon are reserved for the City of East Peoria, Illinois and there is hereby granted said City the perpetual easement and authority to enter upon said easements to construct and maintain within the easements, sewers and manholes, together with connections thereto." The plat was signed by Harry and Joseph LaHood on the 9th day of June, 1990. The defendants, LaHood, LaHood Construction, Moldovan, Perisin, Culp, McGrew, Coombs, Geibelhausen and Dobbelaire knew about the about the language included on the aforesaid Final Plat.

Par. 38 of 2AC. The aforesaid Final Plat also shows on its face, among other things, at least four 20 foot wide drainage easements dedicated by Harry and Joseph LaHood, developers of Pinecrest #2, to the City. The defendants, LaHood, LaHood Construction, Moldovan, Perisin, Culp, McGrew, Coombs, Geibelhausen and Dobbelaire knew about the about the aforesaid easements.

Plaintiffs have made sufficient allegations of fact linking LaHood, Dobbelaire and

Geibelhausen to a civil conspiracy.

On February 20, 2015, Plaintiffs filed a Motion to Voluntarily Dismiss their complaint against Defendants Moldovan and Perisin (Doc. 54).  They were included as Defendants in Counts VI and X as alleged participants in the civil conspiracy.  Attached to this Response is Exhibit "A" entitled "Responses to Specific Portions to Second Amended Complaint" executed by Moldovan and Perisin under oath on February 11 and 12, 2015.  Exhibit "A" alleges, among other things, that:

1. One of the unlawful overt acts alleged in Par. 170 of the 2AC to have been committed by defendants, to wit: "'as built' plan dated 11/14/90", was unlawfully placed on the engineering plans of Moldovan and Perisin by one or more persons other than Moldovan and Perisin.

2. Regarding Pars. 81 and 170iii of Exhibit A, Moldovan and Perisin specifically deny under oath that they placed the words "'as built" plans dated 11/14/90" on Exhibit "A".

3. Moldovan and Perisin also agree with the allegation in Par. 60 of the 2AC that their design plans contemplated a drop of only 14 to 16 feet.

4. Regarding Par. 65 of the 2AC, Moldovan and Perisin state, ". . . they had no knowledge that the survey did not match the terrain."

5. Regarding Par. 77 of the 2AC, "Defendants Moldovan and Perisin agree that the survey they were given did not show a significant drop in elevation . . ."

6. Regarding Par. 94 of Exhibit "A", Moldovan and Perisin state, ". . . had they known the survey was inaccurate, they would not have submitted the design plans in the fashion they were submitted."

These are the engineering plans that one of the Plaintiffs obtained from the City (Exhibit "B") under the Freedom of Information Act. This is strong circumstantial evidence of the conspiracy claimed by the Plaintiffs, and Plaintiffs should be allowed to pursue, through discovery, who added this false information to the official engineering plans for Pinecrest Hills on file with the City.

**3. Plaintiffs' claim for Illinois civil conspiracy is not precluded by the 10-year construction statute of repose.**

In *St. Louis v. Rockwell Graphic Systems, Inc.*, the Illinois Supreme Court said, "Whether an item constitutes an "improvement to real property" is a question of law. Its resolution, however, is grounded in fact. The defining limits of what constitutes an "improvement to real property" is, for our court, a matter of first impression.

Section 13-214(b) of the Illinois Code of Civil Procedure provides: "(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an ***improvement to real property*** after 10 years have elapsed from the time of such act or omission." (Ill.Rev.Stat.1989, ch. 110, par. 13-214(b).) (Emphasis added).

Black's law dictionary defines "improvement" as: "A *valuable addition* made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and *intended to enhance* its value, beauty or utility or to adapt it for new or further purposes." Black's Law Dictionary 682 (5th ed. 1979).

The first step is to determine whether the item at issue is an improvement to real property. The Illinois Supreme Court has defined this as "whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, ***whether the value***

11

<700>

*of the property was increased, and whether the use of the property was enhanced*. St. Louis v. Rockwell Graphic Systems, Inc., 153 Ill.2d 1, 4-5 (1992)." *Wright v. Board of Educ. of City of Chicago*, 335 Ill. App. 3d (1st Dist. 2002). (Emphasis added).

Plaintiffs submit that the actions of Defendants identified in Counts VI and X of Plaintiffs Second Amended Complaint do not constitute "an improvement to real property" and, therefore, Plaintiffs' claim for Illinois civil conspiracy is not precluded by the 10-year construction statute of repose. Also, Plaintiffs filed their action against LaHood within 2 years after discovering the acts by the Defendants in furtherance of the conspiracy.

WHEREFORE, Plaintiffs pray this Court DENY LaHood and LaHood Construction's Motion to Dismiss and for such other relief as is just and proper. Alternatively, Plaintiffs requests sufficient time to file an amended pleading to correct any deficiencies in their Complaint.

Respectfully Submitted,

Joshua Allen e. al., Plaintiffs

By: */s/Carl F. Reardon*
One of their attorneys
Carl F. Reardon
Attorney at Law (Illinois Bar #2295725
120 Illini Drive
East Peoria, IL. 61611
Phone: (309) 699-6767
Fax: (309) 699-6774
Email: carlreardon@comcast.net

Louis J. Meyer
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, Illinois 61614
309.713.3751
louismeyer@meyerkiss.com

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on April 30, 2015, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF automated docketing system, thereby causing service upon all counsel of record.

By:     *s/Carl F. Reardon*
Carl F. Reardon
Attorney at Law (Illinois Bar #2295725)
120 Illini Drive
East Peoria, Il. 61611
Phone: (309) 699-6767
Fax: (309) 699-6774
Email: carlreardon@comcast.net